## IOWA MAUSOLEUM COMPANY v. W. C. JOHNSON and Another.[1]

October 24, 1913.

Nos. 18,130—(228).[2]

**Fraud — ratification of contract.**

Action upon a promissory note. Findings that the promoter of a corporation fraudulently represented, through his agent, that money paid in for stock by

[1] Reported in 143 N. W. 1135.      [2] April, 1913, term calendar.

the incorporators thereof should remain in the treasury as working capital; that the promoter received ⁵⁄₇ of that amount, and as part of it the note in suit, are sufficient to constitute actionable fraud. The acts of the president, after he learned of the fraud, did not constitute a ratification of the contract. [Reporter.]

Action in the district court for Hennepin county against W. C. Johnson and M. C. Williams to recover $2,500 upon a promissory note. The facts stated in the opinion were set up in the amended answer. The case was tried before Hale, J., who made findings of fact and, as conclusions of law, found that the contract of purchase of stock was rendered voidable by the fraud of McElhinney and C. H. Brown; that within a reasonable time after discovering the fraud defendants rescinded the contract of purchase; and ordered judgment in favor of defendants. From an order denying plaintiff's motion for amended and substituted findings and denying its motion for a new trial separately as to each defendant, it appealed. Affirmed.

*Kerr, Fowler, Ware & Furber,* for appellant.
*Belden & Safford,* for respondents.

PER CURIAM.

This action was brought to recover upon a promissory note of $2,500 made by the defendant Johnson to the defendant Williams and by the latter indorsed in blank. It was then delivered to the treasurer of the Minnesota Mausoleum Co. in payment of 25 shares of the preferred stock of the Minnesota company and certain common stock which went with it as a bonus.

There were seven original incorporators, of which the original promoter was one and the defendant Johnson, representing himself and others, was another.

The claim of the defendants was that the original promoter of the Minnesota company, through his agent, fraudulently represented that the $35,000 paid by the seven incorporators would remain in the treasury as working capital. The promoter, or the plaintiff company, and they may be considered as one, received from the Minnesota company ⁵⁄₇ of the $35,000 paid into the treasury by the seven incorporators, and as a part of it the $2,500 note in suit, under the claim that by the contract ⁵⁄₇ of the proceeds of the sale of the preferred stock should be so appropriated.

The court found for the defendants. The plaintiff appeals from the order denying his motion for a new trial.

This case has been under consideration for several months. It has been the subject of numerous conferences. We have been unable to agree, and we do not now agree, upon what is the proper analysis of the case, nor as to what is its proper disposition. A majority of the court are of the opinion that the findings made are sufficient to constitute actionable fraud, and that they are not so

against the evidence that they should be disturbed; that the position of the plaintiff company in the transaction is such that the fraud found may be interposed against it as a defense; and that the acts of Johnson, as president of the Minnesota company, and otherwise, and his delay, after he learned of the fraud, do not, as a matter of law, constitute an affirmance or ratification of the contract.

The court below can make such order as is proper relative to the disposition of the shares of stock still held by the defendants for which the note was given.

Order affirmed.